UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAZEL HERM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:08-cv-2272 |
| § | |
| UNION CARBIDE CORPORATION ET § | |
| AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of Summary Judgment (Doc. No. 35). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Plaintiff's motion should be denied.

### I.  BACKGROUND

The Court's Memorandum and Order (Doc. No. 34), dated September 1, 2009, lays out the relevant background facts. Plaintiff Herm Hazel ("Hazel") has worked as a hydrocarbons operator at Union Carbide Corporation ("Union Carbide") since 1981. She sued her employer pursuant to Title VII of the Civil Rights act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, alleging hostile work environment and retaliation claims. This Court subsequently granted summary judgment to Union Carbide on Hazel's claims. (Doc. No. 34.) The Court found that there was no genuine issue of fact as to whether Hazel suffered the "severe and pervasive" harassment necessary to support a hostile work environment claim. On Hazel's retaliation claim, the Court found that Hazel had not "presented any evidence" that her employer knew that she had engaged in protected

1

activity by filing an EEOC claim. (*Id.* at 9.) The Court found further that Hazel had failed to present any evidence "that her transfer from the day operator position back to her regular shift schedule was an adverse employment decision." (*Id.* at 9-10.)

Herm now urges the Court to reconsider its order, arguing that the judgment contains a "clear error of law, and reconsideration is necessary to prevent manifest injustice." (Pl.'s Mot. for Recons. of Summ. J., Doc. No. 35, at 2 (citations omitted)).

## II. STANDARD

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b).[1] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because of the timeliness of filing, the Court treats this as a Rule 59(e) motion for reconsideration. Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III. ANALYSIS

Herm proffers two arguments in support of her claim that the Court has made a manifest error of law. First, she argues that the Court erred in its conclusion that no

---

[1] While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted).

genuine issue of fact existed as to her hostile work environment claim. (Doc. No. 35, at 2.) Herm argues specifically: "Whether a reasonable person would find the environment complained of hostile is an issue of material fact that is, most appropriately, for a jury to determine. Therefore, the court's determination that the facts do not support a hostile work environment claim is improper." (*Id.* at 2-3.)

Herm is correct that it is the jury's, and not the judge's, province to determine issues of fact. However, it is well settled law that at the summary judgment phase, a court must determine whether the moving party is entitled to judgment as a matter of law based on the evidence presented up to that point in the case. For a plaintiff to survive summary judgment, a genuine issue of material fact must exist in the case. A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). On Herm's hostile work environment claim, the Court found that the actions of Herm's supervisor—which were the actions relevant to the claim—did "not approach the 'severe and pervasive' harassment required to support a hostile work environment claim." (Doc. No. 34, at 8.) That is to say, Herm's claim failed as a matter of law because no reasonable jury could find, under the set of facts in the case, that she suffered "severe and pervasive" harassment. In her motion for reconsideration, Herm provides no analysis as to how the Court made a manifest error in granting summary judgment on this claim. On its own review, the Court does not see any basis for relief, and declines to alter its summary judgment order on the hostile work environment claim.

Herm's second argument goes to her retaliation claim. She argues that the Court applied inconsistent logic in finding that there was no genuine issue of fact about whether

3

the employer knew that Herm had engaged in protected activity by filing an EEOC complaint.

Upon review of its summary judgment order, the Court believes that Herm has misunderstood the language therein. The Court asserted that the "parties [did] not dispute that Plaintiff engaged in protected activity by filing her EEOC complaint." (Doc. No. 34, at 2.) Later in the same paragraph, the Court found Plaintiff had failed to establish a causal link between the filing of the EEOC complaint and her subsequent negative evaluation, because she had not presented any evidence that any supervisor knew that she had filed an EEOC complaint. Herm objects to this logic, saying, "To suggest that the defendant does not dispute plaintiff engaging in a protected activity <u>and</u> had no knowledge of the plaintiff's protected activity is wholly inconsistent." (Doc. No. 35, at 2) (emphasis in original). The Court did not, however, make these two statements about the same period of time. Instead, it held that Plaintiff had failed to show that Defendant knew of her protected activity *at the time* the alleged retaliatory action was taken. Of course, by the time Defendant was briefing its summary judgment motion to the Court, it knew that Plaintiff had filed an EEOC complaint by virtue of being sued by Plaintiff. Therefore, *at the summary judgment stage* it did not dispute that Plaintiff had engaged in protected activity, even though at the time of its alleged retaliatory action, it was unaware that she had engaged in such activity.

Herm argues in the alternative that, "whether or not the defendant knew of plaintiff's protected activity is an issue of material fact to be determined by a jury." (Doc. No. 35, at 3.) The Court again points to well settled summary judgment law, outlined above, that requires that Plaintiff show a genuine issue of material fact to survive

the summary judgment stage. In its order, the Court found that Herm had not met her prima facie burden of showing "'at least some evidence that the decision makers had knowledge of [her] protected activity.'" (Doc. No. 34, at 9) (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003)). On this claim, again, Herm has provided no analysis as to how the Court made a manifest error of law, and the Court finds no error on its own review. The Court also notes that Herm has failed to challenge the Court's additional holding that she failed to produce any evidence to show that her transfer was an adverse employment action. This holding serves as an independent ground for granting summary judgment on the retaliation claim, and stands unrebutted by Herm.

## IV.     ANALYSIS

For the reasons outlined above, Plaintiff's Motion for Reconsideration of Summary Judgment (Doc. No. 35) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 11th day of May, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**